| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Jason E. Rennegarbe | DEFENDANTS<br><br>US Bank NA ND |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>David N. Gunn,1600 S. Brentwood Blvd, Ste. 725<br>St. Louis, MO 63144        314-961-9822 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS
CLAIMS AND ENCUMBRANCES AGAINST PROPERTY OF THE ESTATE

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR <br> Jason E. Rennegarbe | BANKRUPTCY CASE NO. <br> 09-45254-399 | |
| DISTRICT IN WHICH CASE IS PENDING <br> EASTERN DISTRICT OF MISSOURI | DIVISION OFFICE <br> EASTERN DIVISION | NAME OF JUDGE <br> Barry S. Schermer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY <br> PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE <br> July 22, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> David N. Gunn | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Jason E. Rennegarbe, | ) | |
| | ) | CASE NO. 09-45254-399 |
| Debtor | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| Jason E. Rennegarbe, | ) | Adversary No. |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| US Bank NA ND, | ) | |
| | ) | COMPLAINT TO DETERMINE THE |
| Defendants. | ) | EXTENT AND VALIDITY OF |
| | ) | LIENS, CLAIMS, AND |
| | ) | ENCUMBRANCES AGAINST |
| | ) | PROPERTY OF THE ESTATE |
| | ) | |
| _____ | ) | |

## COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS CLAIMS AND ENCUMBRANCES AGAINST PROPERTY OF THE ESTATE

Jason E. Rennegarbe (hereinafter the "Plaintiff") complain of *US Bank NA ND*, (hereinafter the "Defendant") and pray for entry of a judgment determining the nature, extent and validity of any claims held by any or all of the Defendant herein against property of this estate.

### I. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334.

### II. VENUE

2.      Venue of this proceeding lies in the *United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division*, pursuant to 28 U.S.C. §1409(a) in that the Plaintiff herein, initiated a voluntary petition under Chapter 13 of the Bankruptcy Code on June 3, 2009 and such case continues to pend as of the date of this complaint.

## III. CORE PROCEEDING

3.      This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

## IV. CASE FACTS

4.      On June 3, 2009 Plaintiff herein filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. John V. LaBarge, Jr. is the trustee appointed to serve in this case.

5.      On the date of the bankruptcy petition herein, the above named estate was the owner fee simple of the following real estate: 3642 Montana Street, St. Louis, MO 63116 (hereinafter the "Real Property"). As more fully described as follows:

LOT NUMBER: 18; SUBDIVISION: GRAND MERAMEC PARK; BLOCK: 2; CITY/MUNI/TWNSP: SAINT LOUIS

6.      Plaintiff listed the real property as having a value of $45,000.00 on Schedule A.

7.      According to an Appraisal dated June 3, 2009, the value of the real property is $43,000.00.

8.      The Plaintiff executed a First Note and Deed of Trust in favor of *US Bank* or its predecessor in interest, on or about May, 2005. The outstanding balance on first mortgage to *US Bank* as of June 3, 2009 was $120,057.00.

9.      The Plaintiff executed a Second Note and Deed of Trust in favor of Defendant or its predecessor in interest, on or about May 10, 2005. The outstanding balance on this debt as of June 3, 2009 was approximately $28,731.00. This is the second consensual mortgage the Plaintiff granted as to the Real Property.

10.      Pursuant to 11 U.S.C. §1322(b)(2), the Plaintiff's Plan in a Chapter 13 proceeding may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims..." Pursuant to 11 U.S.C. §506(a): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such claim." Pursuant to 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.. ."

11.      Pursuant to §§506(a), 506(d) and 1322(b)(2), the rights of a holder of a claim secured by a lien on the Plaintiff's residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon. The rights of such junior lien holders are subject to modification, including treatment of their claims as general unsecured claims and the liens subject to removal upon granting of a Chapter 13

discharge.

12.     The subject real property having a market value no more than $43,000.00 on the date of filing and being subject to valid superior liens for claims in the total amount of $120,057.00, the claim of the Defendant herein is secured by no value in excess of the superior liens.  The claim of Defendant herein is not "secured" within the meaning of §506(a) and is subject to modification.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter its judgment and Order determining that Defendant herein is the holder of a general, unsecured claim and the lien in the form of a Deed of Trust attaching to the Real Property be released upon granting of a Discharge pursuant to §1328(a).

Respectfully Submitted
THE BANKRUPTCY COMPANY

David N. Gunn #502943, #54880
Robert J. Lawson #551534, #51935
Samuel E. Shepley #5200471
Attorneys for Debtor
1600 S Brentwood Blvd Ste 725
Saint Louis, MO  63144
Phone: (314) 961-9822
Fax: (314) 961-9825
Email: stlouis@tbcwam.com

Date: