UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: Jason E. Rennegarbe,<br><br>     Debtor<br>_____<br><br>Jason E. Rennegarbe,<br><br>     Plaintiff,<br> v.<br><br>US Bank NA ND,<br><br>     Defendant. | CASE NO. 09-45254-399<br>Chapter 13<br><br><br><br>Adversary No. 10-04321-399 |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Upon Plaintiff's Complaint and a review of the record as a whole, the Court finds as follows:

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §1409(a).

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

3. On June 3, 2009 (the "Petition Date") Plaintiff herein filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. John V. LaBarge, Jr. is the trustee appointed to serve in this case

4. On the date of the bankruptcy petition herein, the above named estate was the owner fee simple of the following real estate: 3642 Montana Street, St. Louis, MO 63116 (hereinafter the "Real Property"). As more fully described as follows:

  LOT NUMBER: 18; SUBDIVISION: GRAND MERAMEC PARK; BLOCK: 2;
  CITY/MUNI/TWNSP: SAINT LOUIS

5. The Plaintiff has submitted evidence of value in the form of a real estate appraisal showing that the value of the above referenced property was $43,000.00 as of June 3, 2009.

6. The Plaintiff executed a First Note and Deed of Trust in favor of *US Bank* or its predecessor in interest, on or about May, 2005 with an approximate balance due of $120,057.00 on the Petition Date. *US Bank NA ND* is the holder of a second Note and Deed of Trust with an approximate balance due of $28,731.00 on the Petition Date.

7. Pursuant to 11 U.S.C. § 1322(b)(2), the Debtor may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims…"

8. Pursuant to 11 U.S.C. §506(a): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such claim." Pursuant to 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the Plaintiff that is not an allowed secured claim, such lien is void.. ."

9. Pursuant to §§506(a) and 1322(b)(2), the rights of a holder of a claim secured by a lien on the Plaintiffs' residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon. The rights of such junior lienholders are subject to modification, including treatment of their claims as unsecured nonpriority claims and the liens subject to removal upon granting of a Chapter 13 discharge.

10. The Real Property has a market value no more than $43,000.00 and is subject to is secured by no value in excess of the superior liens. The claim of Defendant herein is not "secured" within the meaning of §506(a) and its lien is subject to removal.

11. On January 5, 2010, the Plaintiff filed this Complaint seeking a determination of the validity, extent and priority of the liens and claims against the Real Property.

12. On September 24, 2010, the Plaintiff served the Complaint and Summons in this case.

13. On November 15, 2010, the Clerk entered an Entry of Default as *IS Bank NA ND* failed to plead or otherwise respond to the Complaint.

14. The Motion for Default Judgment was called for hearing on December 15, 2001. Jason E. Rennegarbe appeared through counsel. *IS BANK NA ND* did not appear.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

A. The relief requested in the Motion for Default Judgment is GRANTED in that, pursuant to 11 U.S.C. §506(a), § 506(d), §1322(b)(2), the claim of *US Bank NA ND* is an unsecured nonpriority claim, entitled as such to share in the future distributions under the Plan.

B. Upon the entry of an Order of Discharge pursuant to 11 U.S.C. §1328, the lien

asserted by *US Bank NA ND* against the Real Property shall be void.

  C. In the event Jason E. Rennegarbe's Chapter 13 case is dismissed without a discharge or is converted to a case under Chapter 7, *US Bank NA N's* claim will be reinstated as a secured claim.

  D. Judgment shall enter in favor of Jason E. Rennegarbe and against *US Bank NA ND* consistent with the terms of this Order.

DATED: December 22, 2010  
St. Louis, Missouri           *Barry S. Schermer* (signature)  
                  Barry S. Schermer  
cke                  Chief United States Bankruptcy Judge

Order prepared by:

| | |
|---|---|
| David N. Gunn | Counsel for Plaintiff |
| 1600 S. Brentwood Blvd., Ste. 725 | |
| St. Louis, MO 63144 | |

Copies to:

| | |
|---|---|
| John V. LaBarge, Jr. | Chapter 13 Trustee |
| Chapter 13 Trustee | |
| PO BOX 430908 | |
| St. Louis, MO 63143 | |
| | |
| David N. Gunn | Counsel for Plaintiff |
| 1600 S. Brentwood Blvd., Ste. 725 | |
| St. Louis, MO 63144 | |
| | |
| US Bank | |
| Attn: Richard Davis, CEO | |
| 800 Nicollet Mall | |
| Minneapolis, MN 55402 | |
| | |
| Jason E. Rennegarbe | Plaintiff |
| 3642 Montana Street | |
| St. Louis, MO 63116 | |
| | |
| Office of U.S. Trustee | |
| 111 South Tenth Street | |
| Suite 6353 | |
| St. Louis, MO 63102 | |